NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN PASCUAL ESTEBAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-730

Agency No.
A087-743-738

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2024[**]
Pasadena, California

Before: TALLMAN and BENNETT, Circuit Judges, and LASNIK, District
Judge.[***]

Juan Pascual Esteban petitions for review of the immigration judge's ("IJ")

negative reasonable fear determinations. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

§ 1252(a)(1) and review the IJ's factual determinations for substantial evidence. *See Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191, 1195 (9th Cir. 2021). Esteban also argues that his underlying removal order from 2009, which was reinstated, was invalid based on a defective Notice to Appear ("NTA"). We have "jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to entertain a collateral attack on the underlying removal order only in cases of 'gross miscarriage of justice.'" *Lopez v. Garland*, 17 F.4th 1232, 1233 (9th Cir. 2021). We dismiss the petition in part, deny it in part, and grant it in part.

1. We have no jurisdiction over Esteban's collateral attack on his 2009 removal order, as he fails to show a gross miscarriage of justice. He argues that the NTA, which lacked the date, time, and location of his hearing, deprived the immigration court of adjudicatory authority and thus there was a gross miscarriage of justice. This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc), *cert. denied,* 143 S. Ct. 755 (2023) (holding that an NTA, which lacks date and time information, does not affect an immigration court's adjudicatory authority).

2. Esteban challenges the IJ's negative reasonable fear determinations for both persecution and torture. During the reasonable fear screening process, the non-citizen must show a "reasonable fear of persecution or torture," 8 C.F.R. § 208.31(c), "which has been defined to require a ten percent chance that the non-citizen will be

persecuted or tortured if returned to his or her home country," *Alvarado-Herrera*, 993 F.3d at 1195.

a.     <u>Persecution</u>. Esteban argues that substantial evidence does not support the IJ's determination that he failed to establish a reasonable fear of persecution. More specifically, the IJ found that the evidence failed to show that any harm Esteban might suffer at the hands of the cartels would occur on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also* 8 C.F.R. § 208.31(c).

The IJ's finding is supported by substantial evidence, as Esteban testified both before the asylum officer and the IJ that the cartels targeted him and his son because they wanted to increase their ranks. Given this testimony, the record does not compel a conclusion contrary to the one reached by the IJ. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Esteban also appears to argue that the IJ legally erred by applying an incorrect nexus standard. There was no legal error. The IJ correctly explained that Esteban had to show "a reasonable possibility of persecution . . . on account of one of the enumerated grounds." The IJ also explained why the evidence failed to satisfy that standard: "They harmed [Esteban] because they wanted [Esteban's son] to join their ranks. . . . [T]hese criminal elements want young men to fight for them. That's the motivation."

b.    <u>Torture</u>. Esteban challenges the IJ's determination that he failed to establish a reasonable fear of torture because he did not show that any torture would be inflicted by the government or with its consent or acquiescence. *See* 8 C.F.R. 208.18(a)(1), (7). "'Acquiescence' requires only that public officials were aware of the torture but 'remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it.'" *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) (quoting *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006)). The government does not dispute that the harm Esteban fears would constitute torture if he established that the police would acquiesce in the cartel's efforts.

Esteban's testimony before the asylum officer established that he tried to report the cartel's threats to the police, the police ignored his attempt, and the police had ignored similar complaints by others. The asylum officer found Esteban credible. Under our precedent, Esteban's credible testimony compels a finding that there is at least a ten percent chance that the police would be unwilling to address cartel violence against him. *See Alvarado-Herrera*, 993 F.3d at 1197 (reversing IJ's no-acquiescence finding because petitioner provided a specific account of an attack by gang members who were dressed in police uniforms and displayed police badges, along with anecdotal evidence of police corruption). Like the petitioner in *Alvarado-Herrera*, Esteban provided a specific account and anecdotal evidence of police

unwillingness to address cartel violence.  We therefore grant the petition as to the negative reasonable fear of torture determination and remand "to the agency with instructions to provide [Esteban] a hearing before an immigration judge only as to the merits of his claim for protection under CAT." *Id.*

**PETITION DISMISSED IN PART, DENIED IN PART, AND GRANTED IN PART; REMANDED WITH INSTRUCTIONS.**[1]

---

[1] The parties shall bear their own costs on appeal.

21-730